UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELANCO ANIMAL HEALTH, A DIVISION OF ELI LILLY AND COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:08-cv-00386-RLY-TAB |
| ARCHER DANIELS MIDLAND COMPANY ANIMAL HEALTH & NUTRITION DIVISION and RED OAK CARRIERS, INC., | ) ) ) ) | |
| Defendants. | ) ) | |
| ARCHER DANIELS MIDLAND COMPANY ANIMAL HEALTH & NUTRITION DIVISION, | ) ) ) ) | |
| Cross-Claimant, | ) ) | |
| vs. | ) ) | |
| RED OAK CARRIERS, INC., ATLANTIC CARRIERS, INC. and ATLANTIC CARRIERS BROKERAGE, INC., | ) ) ) | |
| Cross-Defendants. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO TRANSFER VENUE AND REQUEST FOR ORAL ARGUMENT**

Defendant, Red Oak Carriers, Inc. ("Red Oak"), moves the court to transfer this case to the Southern District of Iowa pursuant to 28 U.S.C. § 1404(a) and requests oral argument. For the reasons set forth below, the court **DENIES** Red Oak's motion to transfer venue. As both parties have fully briefed their positions, the court **DENIES** Red

Oak's request for oral argument.

I.   **Background**

Elanco Animal Health ("Lilly"), a division of Eli Lilly and Co., markets Tylan® 40 premix, an animal feed additive designed to prevent and treat disease and improve feed efficiency. (Docket # 23 ("Amended Complaint") ¶¶ 13, 15). The active ingredient of Tylan® 40 is Granulated Tylosin Concentrate ("GTC"). (*Id.* ¶ 13). Lilly produces GTC and delivers it to the Archer Daniels Midland Company Animal Health and Nutrition Services ("ADM") facility in Des Moines, Iowa. (*Id.* ¶ 16). There, ADM processes the GTC with other raw materials, including rice hulls, to produce Tylan® 40. (Docket # 23-2 ("Contract")). The contract between Lilly and ADM provides that the agreement between the parties is governed by Indiana state law. (Contract at 14).

ADM purchased rice hulls from a non-party supplier in Arkansas, for use in making Tylan® 40 for Lilly. (Amended Complaint ¶ 18). Red Oak was hired by ADM to transport the rice hulls by truck from Arkansas to the ADM facility in Des Moines, Iowa. (*Id.* ¶ 19). Immediately prior to transporting the rice hulls, Red Oak used the same truck to transport a shipment of Froot Loops® cereal. (*Id.* at 20). Lilly alleges that the driver of the truck, Mike Hill, failed to properly clean the truck before picking up the shipment of rice hulls and falsely certified that he had cleaned the truck. (*Id.* ¶ 22; Docket # 14-2). After the rice hulls shipped by Red Oak were used by ADM, ADM's quality assurance employees found Froot Loops® cereal in a sample of Tylan® 40. (Amended Complaint ¶¶ 24-26). Lilly alleges that as a result of the presence of Froot Loops®, thirteen lots of Tylan® 40 premix were contaminated. (*Id.* ¶ 28). Lilly filed suit

against ADM for breach of contract, breach of express warranty, and strict liability, and against Red Oak for negligence and breach of contract. Lilly is incorporated by the laws of the State of Indiana and maintains its principal place of business in the Southern District of Indiana. (*Id.* ¶ 1). ADM is incorporated by the laws of the State of Delaware and maintains its principal place of business in Illinois. (*Id.* ¶ 2). Red Oak is incorporated by the laws of the State of Iowa and maintains its principal place of business in Iowa.

Red Oak now moves to transfer this case to the Southern District of Iowa pursuant to 28 U.S.C. § 1404(a), asserting that the Southern District of Iowa is a more convenient forum and that transfer would better serve the interest of justice. Lilly argues that any convenience gained by transferring the case does not outweigh the presumption in favor of the plaintiff's choice of forum.

## II.   Discussion

Title 28, Section 1404(a) of the United States Code sets forth: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer is appropriate where the moving party can establish that "(1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice." *State Farm Mutual Auto Ins. Co. v. Estate of Bussell*, 939 F. Supp 646, 650 (S.D. Ind. 1996). As the parties do not dispute that the Southern District of Indiana and the Southern District of Iowa are

both proper venues, the court will only address the third factor.

Section 1404(a) does not indicate the relative weight to be given to each factor. "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The district court must adjudicate motions to transfer on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. V. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The moving party must establish, "by reference to particular circumstances, that the transferee forum is clearly more convenient" than the transferor forum. *Coffey*, 796 at 219.

  **A.** **Convenience of the Parties**

In considering the convenience and fairness of transfer under Section 1404(a), the court first considers the private interests of the parties. These interests include: "(1) plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof of each forum including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses, (4) convenience to the parties–specifically, their respective residence and abilities to bear the expense of trial in a particular forum." *Rapier v. Capital One Auto Fin.*, No. 1:07-cv-0798-RLY-WTL, 2007 WL 3102148, at *3 (S.D. Ind. Oct. 22, 2007) (quoting *Von Holdt v. Husky Injection Molding Sys., Ltd.*, F. Supp. 185, 188 (N.D. Ill. 1995)). The court addressees these factors in turn below.

### 1. Plaintiff's Choice of Forum

Lilly, a resident of Indiana, chose this court as its forum. In considering the convenience of the parties, "the plaintiff's choice of forum is entitled to some weight." *State Farm*, 939 F. Supp. at 651. However, "the weight given to a plaintiff's choice of forum is lessened if the chosen forum has relatively weak connections with the operative facts giving rise to the claim." *Von Holdt*, 887 F. Supp. at 188. Red Oak argues that Lilly's choice of forum should be afforded little weight because the material events happened in Iowa, not Indiana.

The operative facts giving rise to this claim concern the alleged contamination of Tylan® 40 with Froot Loops®. This contamination originated in Arkansas, where Lilly alleges that the Red Oak driver failed to properly clean the truck after completing the prior shipment of Froot Loops® and then falsely certified that he had done so. The Southern District of Iowa has no greater connection with these events taking place in Arkansas than the Southern District of Indiana. While significant events, such as the discovery of the contamination, did take place in Iowa, the same can be said of Indiana. The underlying contract between Lilly and ADM was executed in Indiana and is governed by Indiana law. Given these facts, Lilly's choice of forum in the Southern District of Indiana is entitled to deference.

### 2. Situs of Material Events

Red Oak argues that this factor favors the Southern District of Iowa because the material events giving rise to this case occurred in Iowa. As discussed above, the court

5

finds that the situs of the most pertinent events, the contamination of the rice hulls and the alleged falsifying of records, is Arkansas. Therefore, this factor does not weigh in favor of either forum.

### 3. Ease of Access to Sources of Proof

Red Oak argues that transfer to the Southern District of Iowa would allow easier access to the 160 bags of Tylan® 40 premix at issue in this case, which are currently located at ADM's facility in Des Moines, Iowa. However, photographs and samples of the allegedly contaminated products can be transported to Indiana and would most likely satisfy the evidentiary needs of both parties. While it might be slightly more convenient to access the sources of proof if the case were transferred, this is not enough to tip the scales in favor of transfer to the Southern District of Iowa.

### 4. Convenience to the Parties

Red Oak argues that transfer should be granted because of the disparity of resources between Red Oak and Lilly. In determining convenience to the parties, the court does consider the parties' respective residences and abilities to bear the expense of a trial in a particular forum. *Von Holdt*, 887 F. Supp at 188.

In this case, Plaintiff filed suit in its home forum, the Southern District of Indiana. Defendant seeks to transfer this case to its home forum in the Southern District of Iowa. The residences of the parties neither weigh in favor of or against transfer because in either forum, one party will have the convenience of litigating in its home forum. Additionally, Red Oak has failed to provide the court with any evidence that it would be unable to bear

the expense of trial in this forum.

Red Oak cites *Tensor Group v. All Press Parts & Equipment* in arguing that transfer should be granted because the burden placed on Red Oak to litigate in this forum is far greater than the burden Lilly would face in litigating in the Southern District of Iowa. 966 F. Supp. 727, 728-29 (N.D. Ill. 1997). However, the defendant company in *Tensor* was described by the Court as a "classic one-man operation." *Id.* at 729. The company was owned by a husband and wife who operated the business out of their home. *Id.* While there may be inequalities between the resources of Red Oak and Lilly, Red Oak, a company which transports materials all across the nation, is far from a "one-man operation." Red Oak has not demonstrated that the burdens placed on the respective parties in litigating outside of their home forums are so disparate that transfer would be clearly more convenient to the parties.

      **B.**      **Convenience of the Witnesses**

The court must also consider the convenience of the witnesses, a factor courts have often found to be the most important factor in analyzing a motion to transfer venue. *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998). "This analysis is not merely a numbers game: what is significant is the substance and materiality of potential witnesses' testimony." *Somers v. Flash Tech. Corp. Of Am.*, 2000 WL 1280314, at *3 (S.D. Ind. 2000); *see also Law Bulletin Publ'g Co.*, 992 F. Supp. At 1018 (holding that the court must look at the nature and quality of the witnesses' testimony).

Red Oak states that the majority of witnesses it expects to call reside in Des

7

Moines, Iowa.  According to Red Oak, Des Moines is approximately 450 miles from this forum, which is a significant distance for those witnesses to travel.  However, Lilly states that all of the witnesses it expects to call reside in Indiana.  Transfer to the Southern District of Iowa would require all of those witnesses to travel a significant distance for trial.  Regardless of the forum, witnesses, all of whom are material, are going to be inconvenienced.

Another consideration in weighing the convenience of witnesses is the willingness of the witnesses to appear, and whether the witnesses are within the court's reach to compel appearance.  *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill 1998).  All of the witnesses either party intends to call are employed by a party to this case.  While this court would not be able to compel those witnesses residing in Iowa to appear in the Southern District of Indiana, witnesses that are employed by the parties are likely to appear voluntarily.  *Peach Tree Bancard Corp. v. Peachtree Bancard Network, Inc.*, 706 F. Supp. 639, 641 (N.D. Ill. 1989).  Red Oak argues that several of the witnesses it intends to call are employed by ADM, and that there is no guarantee that ADM will still be a party to this case at the time of trial.  While there is no guarantee that ADM will remain a party, it is a party now, making Red Oak's argument moot.

As witnesses for one party will be inconvenienced if the trial takes places in either forum, Red Oak has not shown that the Southern District of Iowa would be clearly more convenient.

### C.       The Interest of Justice

The final factor the court must consider is the interest of justice, "which embraces traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses. *Law Bulletin Publ'g Co.*, 992 F. Supp. at 1019 (quoting *Tig Ins. Co. v. Brightly Galvanized Products Inc.*, 911 F. Supp. 344, 346 (N.D. Ill. 1996)). In analyzing the interest of justice, the court considers: "(1) the speed at which the case will proceed to trial, (2) the court's familiarity with the applicable law, (3) the relation of the community to the occurrence at issue, and (4) the desirability of resolving controversies in their locale." *Plotkin v. IP Axess, Inc.*, F. Supp. 2d 899, 904 (N.D. Ill. 2001). The parties raise issues with the first and second factors listed above.

#### 1.       Speed at Which the Case Will Proceed to Trial

Red Oak cites to the Judicial Caseload Profile, which shows that the median time interval from the time of filing to disposition via trial is approximately two months faster in the Southern District of Iowa than the Southern District of Indiana. As the time interval given in the Judicial Caseload Profile is simply an estimation, the court does not find that the two-month difference is significant enough to disturb Lilly's choice of forum.

#### 2.       The Court's Familiarity with the Applicable Law

Red Oak argues that under Indiana's choice-of-law rules, this court would have to apply Iowa tort law with respect to the negligence claim by Lilly against Red Oak. Even assuming *arguendo* that Iowa law would apply to this claim, Red Oak fails to consider the

9

claims against other parties to this case.

The contract between Lilly and ADM contains a choice-of-law provision, which provides that Indiana law applies to all contract disputes between the parties. Therefore, Indiana law would apply to the claims by Lilly against ADM. If this case were transferred to the Southern District of Iowa, that court would have to apply Indiana law on some of the issues at trial. In either forum, the presiding court will have to apply the law of a state located outside of that court's district. Therefore, this factor does not weigh in favor of transfer.

### III. Conclusion

Considering the convenience to the parties and witnesses, the interest of justice, and Lilly's choice of forum in this court, Red Oak has failed to meet its burden to show that transfer of this case to the Southern District of Iowa is clearly more convenient. Red Oak's motion to transfer venue (Docket # 13) is thus **DENIED**. Additionally, because the parties have fully briefed their positions, Red Oak's motion for oral argument is **DENIED**.

**SO ORDERED** this __4th__ day of September 2008.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Richard S. Baron
FOLEY BARON & METZGER,PLLC
rbaron@fbmlaw.com

Amanda C. Couture
DELANEY & DELANEY
acouture@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Brian H. Phinney
FOLEY BARON & METZGER, PLLC
bphinney@fbmlaw.com

Thomas E. Schulte
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
tschulte@scopelitis.com

Daniel David Trachtman
WOODEN & MCLAUGHLIN LLP
dtrachtman@woodmaclaw.com