UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELANCO ANIMAL HEALTH, A DIVISION OF ELI LILLY AND COMPANY, <br>     Plaintiff, <br><br> vs. <br><br> ARCHER DANIELS MIDLAND COMPANY ANIMAL HEALTH & NUTRITION DIVISION and RED OAK CARRIERS, INC. <br>     Defendants, <br> _____ <br><br> ARCHER DANIELS MIDLAND COMPANY ANIMAL HEALTH & NUTRITION DIVISION, <br>     Cross-Claimant, <br><br> vs. <br><br> RED OAK CARRIERS, INC., ATLANTIC CARRIERS, INC. and ATLANTIC CARRIERS BROKERAGE, INC., <br>     Cross-Defendants. | 1:08-cv-386-RLY-TAB |

**ENTRY ON CROSS-DEFENDANT RED OAK'S MOTION TO DISMISS CROSS-CLAIMANT'S CROSS CLAIM AND CROSS-DEFENDANT ATLANTIC'S MOTION TO DISMISS CROSS-CLAIMANT'S CROSS CLAIM**

Cross-Claimant Archer Daniels Midland Company ("ADM") has filed a cross-claim against Red Oak Carriers, Inc. ("Red Oak") and a cross-claim against Atlantic Carriers, Inc. and Atlantic Brokerage, Inc. (collectively "Atlantic"). Now before the court

1

are motions by both cross-defendants to dismiss the cross-claims against them. As the cross-claims against Red Oak and Atlantic are identical, and the arguments made by each cross-defendant in support of dismissal are largely the same, the court will address cross-defendants' motions to dismiss jointly. For the reasons set forth below, the court **DENIES** in part and **GRANTS** in part Red Oak's and Atlantic's Motions to Dismiss Cross-Claimant's Cross Claim.

**I.     Background**

In May of 2006, ADM entered into an Agreement for Processing with Elanco Animal Health, a division of Eli Lilly and Company ("Lilly"). (Docket # 23-2 ("Contract")). Under this agreement, Lilly ships Granulated Tylosin Concentrate ("GTC") to ADM, and ADM mixes the GTC with various raw materials to produce Tylan® 40 premix. (Contract at Art. II). ADM is responsible for procuring the various raw materials, including rice hulls. (*Id.*).

ADM entered into a contract with Atlantic, whereby Atlantic would ship rice hulls to ADM's facility in Des Moines, Iowa. (Docket # 27 ("Cross-Claim") ¶ 3). In January 2007, Red Oak, acting on behalf of Atlantic, transported a shipment of rice hulls from Arkansas to the ADM facility in Iowa by truck. (*Id.* ¶ 4). Immediately before being used to ship the rice hulls, the Red Oak truck carried a shipment of Froot Loops® cereal. (Docket # 23 ("Amended Complaint") ¶ 20). Lilly alleges that the Red Oak truck was not properly cleaned between shipments, causing the rice hulls to become contaminated with Froot Loops®, which then contaminated the Tylan® 40 that was made with the rice hulls.

(Amended Complaint ¶ 20-26).

Lilly has asserted claims against ADM for breach of contract, breach of express warranty, and strict liability and against Red Oak for negligence and breach of contract. (Amended Complaint). Lilly has not filed any claims against Atlantic. ADM has filed cross-claims against Red Oak and Atlantic alleging breach of contract, breach of express warranty, and right to indemnification. (Cross-claim ¶ 11). ADM requests $13, 260 (representing the processing fee not paid by Lilly to ADM for the contaminated Tylan® 40) and any amount which may be received by Lilly from ADM in connection to Lilly's action against ADM. (Docket # 43 ("Cross-Claim II") ¶ 12, 16). Red Oak and Atlantic argue that ADM's cross-claims against them should be dismissed because they represent classic contribution claims and are not permissible under Indiana law. Red Oak and Atlantic also argue that to the extent that ADM's cross-claims seek indemnity, those cross-claims should also be dismissed because ADM is not free from fault.

## II.     Motion To Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." Once the plaintiff adequately states a claim, the claim "may be supported by showing any set of facts consistent with the allegations in the complaint." *Caldwell v. Jones*, 513 F. Supp. 2d 1000, 1003 (N.D. Ind. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007)). In making its determination, the court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Mallett v.*

*Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1996). In accordance with this standard, the court draws all reasonable inferences in favor of ADM.

### III. Discussion

ADM has filed cross-claims against Red Oak and Atlantic for breach of contract, breach of warranty, and indemnification. ADM has not asserted a cross-claim for contribution. However, as ADM's breach of contract and breach of warranty cross-claims could be construed as actions for contribution,[1] the court will first address whether a contribution cross-claim by ADM is barred by law. Next, the court will address whether ADM has a right to indemnification from Red Oak and Atlantic. As a United States district court sitting in diversity must apply the laws of the forum state as it believes the highest court of the state would, the court analyzes the following issues according to Indiana law. *State Farm Mut. Auto Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001).

### A. Contribution

Indiana law does not permit contribution among tortfeasors in actions based on fault and brought to recover damages for harm to property. Ind. Code § 34-51-2-12; *see also Elcona Homes Corp. v. McMillian Bloedell, Ltd.*, 475 N.E.2d 713, 715 (1985). "Fault," includes "any act or omission that is negligent, willful, wanton, reckless, or intentional toward the persons or property of others." Ind. Code § 34-6-2-45(b). Red

---

[1] Red Oak and Atlantic argue that ADM's cross-claims against them constitute contribution cross-claims because ADM is requesting that Red Oak and Atlantic be required to pay any amount that ADM may have to pay to Lilly.

Oak and Atlantic argue that an element of fault is implicit in Lilly's breach of contract and breach of warranty claims[2] against ADM, making ADM's cross-claims impermissible actions for contribution among joint tortfeasors.

Although Lilly's action against ADM is to recover damages for harm to property, Lilly's claims are not based on fault. Lilly's claims against ADM lie in contract, not in tort. Red Oak and Atlantic argue that Lilly's claims should be construed as being based on fault because Lilly alleges that ADM failed to conform to the Good Manufacturing Practices required under 21 C.F.R. § 226. However, ADM's obligation to meet this standard was a term of the contract itself. *See* Contract at Art. VI. When a contract specifies a standard of care, "it supercedes the tort standards . . . and the promisee's remedy is limited to a suit for breach of contract." *Rexnord Corp. v. DeWolff Boberg & Assocs.*, 286 F.3d 1001, 1005 (7th Cir. 2002) (*citing Wells v. Stone City Bank*, 691 N.E.2d 1246, 1249 (Ind. Ct. App. 1998)).

Red Oak and Atlantic also argue that fault is implicit in Lilly's claims against ADM because every contract for services implies "a duty to perform it skillfully, carefully, diligently, and in a workmanlike manner, and a negligent failure to observe these conditions is a tort, as well as a breach of contract." *INS Investigations Bureau, Inc. v. Lee*, 784 N.E.2d 566, 577 (Ind. Ct. App. 2003). However, as noted above, Lilly and ADM's contract for services specifically detailed the standard of care to which ADM

---

[2]As the court has already ruled to dismiss Lilly's strict liability claim against ADM, the court does not reach Red Oak's and Atlantic's argument that the strict liability claim is an action based on fault.

would be held. In the instant case, the court need not rely on general standards of care imposed by tort law because the applicable standard of care was agreed upon by the parties. When a contract specifies a standard of care, the remedy lies in contract. *Rexnord*, 286 F.3d at 1005. As fault is not an element of breach of contract or breach of warranty, ADM's cross-claims for breach of contract and breach of warranty are not barred by the rule against contribution among joint tortfeasors.

### B.     Indemnification

Under Indiana law, a right of indemnification generally arises only by contract. *Elcona*, 475 N.E.2d at 715 (*citing McClish v. Niagra Machine and Tool Works*, 266 F. Supp. 987, 991 (S.D. Ind. 1967)). However, a "right of indemnification has been implied at common law in favor of one whose liability to another is *solely derivative or constructive* and only against one whose wrongful act has caused such liability to be imposed." *Id.* (citations omitted) (emphasis added). As ADM has not asserted a contractual right to indemnification, the court considers whether ADM is entitled to indemnification at common law.

The parties dispute whether ADM was "at fault" for Lilly's injuries and whether an adjudication of "fault" is necessary before a claim for indemnification may be dismissed. However, the court finds that the pertinent question is whether ADM's liability to Lilly is solely derivative or constructive. Derivative or constructive liability has been recognized in cases "where an employer is held liable under respondeat superior for the tort of an employee" and in "breach of warranty cases where a retailer may be held

6

liable on warranties identical to those given by a manufacturer." *Ball v. Versar, Inc.*, 2002 WL 31045357 *11 (S.D. Ind. 2002) (*citing McClish*, 266 F. Supp. at 990).

ADM does not point to any cases where a right to indemnification has been found under circumstances similar to the instant case. However, the court in *Ball v. Versar, Inc.* faced a very similar situation to the one presently before this court. The plaintiffs in *Ball*, trustees of a fund formed to clean up a hazardous waste site, sued defendants for breach of contract to perform remediation services at the waste site. *Id.* at *1. Defendants then filed a third-party complaint against some of the companies which aided in the remediation. *Id.* In determining whether Indiana common law would imply a right to indemnity in this situation, the court found that recognizing such a right "would seem to effect a sweeping change of Indiana law, a change that would authorize any party who breached a contract to implead as third party defendants any other persons who might be blamed for causing the contracting party to breach its contract." *Id.* at *11.

In the instant case, it cannot be said that ADM's liability to Lilly is solely derivative or constructive. Lilly has alleged that ADM itself is responsible for breaching the Processing Agreement and accompanying warranties. There is no basis under Indiana law for indemnification on ADM's theory, and Red Oak and Atlantic are entitled to dismissal of ADM's claims for indemnification.

**IV.    Conclusion**

For the above stated reasons, Red Oak's and Atlantic's Motions to Dismiss Cross-Claimant's Cross Claims (Docket ## 31, 50) are **DENIED** in part and **GRANTED** in

part. ADM's cross-claims for breach of contract and breach of warranty do state grounds upon which relief may be granted, and accordingly, are not dismissed. However, ADM's cross-claims for indemnification are dismissed as they are impermissible under Indiana law.

**SO ORDERED** this __18th__ day of September 2008.

                                                RICHARD L. YOUNG, JUDGE
                                                United States District Court
                                                Southern District of Indiana

Electronic Copies To:

Richard S. Baron
FOLEY BARON & METZGER, PLLC
rbaron@fbmlaw.com

Amanda C. Couture
DELANEY & DELANEY
acouture@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Brian H. Phinney
FOLEY BARON & METZGER, PLLC
bphinney@fbmlaw.com

Thomas E. Schulte
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
tschulte@scopelitis.com

Daniel David Trachtman
WOODEN & MCLAUGHLIN LLP
dtrachtman@woodmaclaw.com